UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

KHAREE CRISWELL

v.                                                                                                          C.A. NO. 09-207 S

EDWARD JOHNSON, et al.

## REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

Kharee Criswell ("Plaintiff"), *pro se*, a detainee at the Wyatt Detention Center Facility ("Wyatt") in Central Falls, Rhode Island, along with three other detainees who have since been dismissed as plaintiffs, filed a complaint pursuant to 42 U.S.C. § 1983 ("§ 1983"), naming as defendants Wyatt Captain Edward Johnson, Wyatt mailroom officers Gary Hebed and Ray Sears, and Wyatt Warden Wayne Salisbury (together, "Defendants") (the "Complaint") (Docket # 1). Plaintiff was granted leave to proceed *in forma pauperis* (Docket # 9). Accordingly, pursuant to 28 U.S.C. § 1915(e)(2) ("1915(e)(2)"), I have screened the Complaint. As discussed below, having the Complaint, as currently written, fails to state claims upon which relief may be granted, I have prepared this Report and Recommendation recommending the Complaint be dismissed unless Plaintiff amends the Complaint to state a viable claim within 60 days from the date of adoption, if any, of this Report and Recommendation.

## BACKGROUND

In the Complaint, Plaintiff alleges various problems in connection with his receipt of mail at the Wyatt, including delays, denial and destruction of incoming mail, including pictures and religious publications and materials. Plaintiff fails to describe any particular instances of the foregoing, noting that "[t]here were to [sic] many circumstances involving to [sic] many parties to list in this space", and stating that "exact dates and all defendants involved ... will be divulged to those concerned." Cmpt. at p. 4. Plaintiff alleges that the actions violated the Wyatt "Program Statement" and policies, and he believes the actions about which he complains were in retaliation for his pursuing his rights within the facility. *Id.* He also states, in the relief section, that the practices were racially discriminative. *Id.* at p. 3. Finally, Plaintiff attaches to the Complaint a grievance form he filed at Wyatt stating that he had been denied certain hygiene

1

items and adequate footwear in retaliation for a lawsuit he filed against the Wyatt. Cmpt. at p. 3 & Exh. 1.

## DISCUSSION

### I. Screening Under § 1915(e)(2) and § 1915A

In connection with proceedings *in forma pauperis,* § 1915(e)(2) instructs the Court to dismiss a case at any time if the Court determines that the action, *inter alia,* fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). Similarly, 28 U.S.C. § 1915A ("§ 1915A") directs courts to screen complaints filed by prisoners against a governmental entity, officer or employee and dismiss such claims for identical reasons. 28 U.S.C. § 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on a 12(b)(6) motion. *See Pelumi v. Landry*, No. 08-107, 2008 WL 2660968, at *2 (D.R.I., June 30, 2008). In making this determination, the Court must accept plaintiff's allegations as true and construe them in the light most favorable to plaintiff, although the Court need not credit bald assertions or unverifiable conclusions. *Ashcroft v. Iqbal,* -- U.S. --, 129 S.Ct. 1937, 1949-1950 (2009). Further, the Court must review pleadings of a *pro se* plaintiff liberally. *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285 (1976). A claim fails to state a claim for which relief may be granted if the factual allegations fail to "raise [plaintiff's] right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955 (2007); *see also Iqbal,* 129 S.Ct. at 1949-1951 (discussing the plausibility requirement); Fed.R.Civ.P. 8(a)(2).

### II. Legal Standard Under § 1983

In order to maintain a § 1983 action, the conduct complained of must have (i) been committed by a person acting under color of state law and (ii) deprived the plaintiff of a constitutional right or a federal statutory right. *Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920 (1980). Here, Plaintiff does not allege facts indicating that Defendants deprived him of a constitutional or federal statutory right.

### III. Review of Claims

Plaintiff alleges that his rights under the First and Fourteenth Amendments to the United States Constitution were violated. Plaintiff appears to allege that he has been denied mail, or had his mail delayed, for potentially unconstitutional reasons: (i) arbitrarily without justification, *see, e.g., Thornburgh v. Abbott,* 490 U.S. 401, 413, 109 S.Ct. 1874 (1989)(prison officials may

impose a restriction on incoming mail provided that the restriction is reasonably related to a legitimate penological interest); (ii) in retaliation for his filing grievances and a lawsuit, *see Hightower v. Vose*, 95 F.3d 1146, at *1 (1st Cir. 1996)(retaliatory action against a prisoner for exercising First Amendment rights, including filing prison grievance, is actionable under § 1983, even if the action, standing alone, would not violate the constitution); *McDonald v. Hall*, 610 F.2d 16, 18 (1st Cir. 1979); (iii) based on its religious content, *see Cruz v. Beto*, 405 U.S. 319, 322 & n. 2, 292 S.Ct. 1079 (1972)(prisoners retain rights to free exercise of religion and prisons must provide inmates reasonable opportunities to exercise their religious freedom); *Shaheed-Muhammad v. Dipaolo*, 393 F.Supp.2d 80, 104 (D.Mass. 2005)(requiring prison officials to demonstrate that the confiscation of Islamic publication was related to legitimate penological interests); and/or (iv) as a result of racial discrimination, *see Turner v. Safley*, 482 U.S. 78, 84, 107 S.Ct. 2254 (1987)(prisoners are protected against invidious racial discrimination by the Equal Protection Clause of the Fourteenth Amendment)(citing *Lee v. Washington*, 390 U.S. 333, 334, 88 S.Ct. 994 (1968)).

Nonetheless, Plaintiff's allegations here fail to provide sufficient facts to state a claim on which relief may be granted. First, the Complaint does not describe any action by any Defendant, and, thus, fails to state how any Defendant caused the alleged improper denial or delay of Plaintiff's mail or other alleged retaliation against Plaintiff. *See Educadores Puertorriqueños En Acción v. Hernández*, 367 F.3d 61, 68 (1st Cir. 2004)("[I]n a civil rights action ... the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why..."). Further, although the Complaint stresses that the alleged mail denial and delays violated Wyatt policy, a violation of prison policy does not, in and of itself, constitute a constitutional violation. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir.1996).

Additionally, the Complaint fails to provide any factual allegations, other than bald assertions and Plaintiff's belief, that the alleged wrongdoing was in retaliation for Plaintiff's filing grievances and a lawsuit. For example, the Complaint does not indicate that the delays and denial occurred only after the grievances/litigation were filed, the time frame between the two, any statements that might connect the two, any differences between the mail he received and that received by fellow prisoners who had not filed grievances or lawsuits. *See Leonardo v. Moran*, 611 F.2d 397, 398 (1st Cir. 1979)(requiring facts to tie the exercise of his constitutional rights to the alleged adverse actions). Similarly, to the extent Plaintiff intends to assert a claim that he did

3

not receive hygiene supplies and proper footwear in retaliation for filing a lawsuit, he also fails to allege any facts connecting the two. Finally, although the Complaint asserts that the mail delays and denial resulted from racial discrimination, he fails to allege any facts whatsoever supporting the same; he does not indicate his own race nor specify any facts demonstrating that his experience with mail delays and denial are different from the experience that similarly situated prisoners of a different race have had. *See Hubbard v. Danberg*, No. 10-1886, 2010 WL 3995943, at *2 (3$^d$ Cir. Oct. 13, 2010))(prisoners alleging an equal protection violation for racial discrimination must demonstrate that they received different treatment from that received by other similarly situated individuals of a different race); *Bertram v. Wall*, No. 01-422 ML, 2003 WL 21313374, at *8 (D.R.I. May 29, 2003)(prisoner's equal protection claim failed where no facts indicated he was treated differently from other similarly situated prisoners).

## CONCLUSION

Accordingly, as described above, Plaintiff here has failed to allege sufficient facts to state cognizable claims against the defendants for violations of his rights under the First and Fourteenth Amendment. However, as Plaintiff states in the Complaint that he would be able to provide additional information setting forth the particular dates (and presumably descriptions) of the mail denials and delays as well as the actions by the particular defendants in connection with such denials or delays, I recommend that Plaintiff be given 60 days to amend the Complaint to state claims on which relief may be granted. I further recommend that the Complaint be dismissed if Plaintiff fails to so amend the Complaint.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986) (per curiam).

/s/ Jacob Hagopian
Jacob Hagopian
Senior United States Magistrate Judge
December 14, 2010